FILED

00 APR 28 P

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

APR 28 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FELETHA BOOKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER |
| ) | |
| K MART CORPORATION, ) | 98-C-2347-S |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant K-Mart Corporation ("K-Mart") has moved for summary judgment on the claims of Plaintiff Feletha Booker. Based on the undisputed facts, the motion is due to be granted in part and denied in part.

I. Undisputed Facts

1. Plaintiff alleges that on December 31, 1991, K-Mart falsely arrested, physically assaulted, and slandered her. She claims that between January 1 and 2, 1992, K-Mart maliciously instituted criminal proceedings against her and abused process. She also claims that K-Mart violated her privacy.

2. Plaintiff was subsequently indicted by a grand jury of Jefferson County, Alabama.

3. On October 7, 1996, the criminal proceeding against Plaintiff was *nol prossed*, i.e., dismissed, by the State of Alabama.

4. This case was filed on September 17, 1998.

## II. Conclusions of Law

1. Under Alabama law, actions for false imprisonment and assault and battery are subject to a six-year statute of limitations. *See* ALA. CODE § 6-2-34(*l*),(k)(1975).

2. A claim for defamation must be brought within two years of the publication of the defamatory matter. *See* ALA. CODE § 6-2-38(k)(1975).

3. Claims of abuse of process, invasion of privacy, and malicious prosecution are governed by Alabama's "catchall" two-year statute of limitations. *See* ALA. CODE § 6-2-38(*l*) *Code of Alabama*(1975).

4. The elements of the tort of malicious prosecution are (1) the instigation of a prior judicial proceeding against the plaintiff by the defendant, (2) the absence of probable cause, (3) the presence of malice, (4) the termination of the proceeding in the plaintiff's favor, and (5) damages. A grand jury indictment is *prima facie* evidence of the existence of probable cause. However, the *prima facie* showing can be rebutted by fraud, suppression of testimony, or other like misconduct of the party who instigated the indictment. *See Whitlow v. Bruno's, Inc.*, 567 So.2d 1235 (Ala. 1990).

III

Based on the undisputed facts and settled Alabama law, K-Mart is entitled to judgment as a matter of law on the false imprisonment, assault and battery, slander, abuse of process, and invasion of privacy claims. It is not entitled to summary judgment on the malicious prosecution claim, because Plaintiff may yet rebut the *prima facie* existence of probable cause.

By separate order, the summary judgment motion will be granted in part and denied in part.

DONE this 28th day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON